UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MALCOLM MCQUILLAN, | ) | CASE NO. 3:09CV2972 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| -vs- | ) | |
| | ) | |
| ERIC HOLDER, U.S. ATTORNEY GENERAL, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Respondents. | ) | |

Before the court is pro se petitioner Malcolm McQuillan's petition pursuant to 28 U.S.C. § 2241. Petitioner is being detained by the Department of Homeland Security pending a final determination by an immigration judge. Mr. McQuillan challenges his detention as an attempt to "masquerade a criminal matter into a civil proceedings [sic] thus denying him his constitutional rights under the Fifth, Eighth and Fourteenth Amendment." (Pet. at 4.)

*Background*

On or about August 2, 2009, petitioner was arrested in Rock Creek, Ohio while attending the Great Lakes Medieval Fair as a visiting artist. The warrant for his arrest was issued

by the Department of Homeland Security (DHS) and identified petitioner as: "'Malcolm McQuillan AKA 'RAJAH' ; SEGERS, ROGER' who is an alien who entered the United States at or near Miami, Florida on August 1, 1988." It states further, that he is "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act." (Pet.'s Ex. A, DHS Warrant) Special Agent Mark Bodo certified that after service of the warrant, Mr. McQuillan was advised of his right to counsel and furnished a copy of the warrant.

The same date of his arrest, Mr. McQuillan was served with a Notice to Appear (NTA). The NTA advised him removal proceedings were being initiated based on section 240 of the INA. The DHS alleged petitioner was not a citizen or national of the United States; he was a native of the United Kingdom; he was admitted to the United States on or about August 1, 1988 in Miami, Florida as a nonimmigrant visitor for pleasure (B-2) with authorization to remain in the United States for a temporary period not to exceed February 1, 1989; and, he remained in the United States beyond February 1, 1989 without authorization from the Immigration and Naturalization Service or its successor the DHS. (Pet.'s Ex. B, NTA of 8/3/2009.) He was ordered to appear before an immigration judge on a date to be determined.

Mr. McQuillan states he appeared before Judge D. William Evans, Jr., but does not disclose the date. Petitioner was advised that Mark J. Zivilik, Investigator with ICE at the United States Embassy, London, furnished an affidavit dated August 21, 2009. Since 2007, Mr. Zivilik has acted as a 'liaison point for cases with a nexus to the United States.' In the affidavit, he explained he was twice contacted by Inspector Hughes with the Metropolitan Police seeking assistance in locating a UK fugitive believed to be living in the U.S. He averred that in 1987, Mr. McQuillan

was arrested for indecent assault on his minor step-son. He failed, however, to appear for his trial at Acton Crown Court in November 1987. Despite numerous checks on his whereabouts, no positive match could be made. Inspector Hughes furnished Mr. Zivilik with petitioner's photograph, fingerprints and his arrest warrant from Harrow Magistrate's Court, dated December 18, 2008, reflecting 22 Charges of "indecent assault upon *** between *** and *** at ***." (Pet.'s Ex. C, Zivilik Aff.)

Based on this affidavit, Mr. McQuillan has concluded he was arrested by immigration authorities and "processed through a civil proceedings [sic] that are meant to do the work of criminal proceedings. Thus, the petitioner believes that he has been denied his due process rights to have a criminal counsel for consultation and be allowed the benefits afforded to a criminal detainee and not a civil detainee." (Pet.at 3.)

*28 U.S.C. §2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Thus, Mr. McQuillan's allegation he is being detained by the Warden at Seneca Jail under civil procedures based on criminal charges is properly filed in this court. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977)(2241 petitions shall be filed in the court

3

having jurisdiction over a prisoner's custodian). For the reasons set forth below, however, he has failed to state a claim.

*8 U.S.C. §1226*

The DHA, under the authority of the Attorney General, issued a warrant for Mr. McQuillan's arrest on August 3, 2009. The law provides, that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). A copy of the Notice of Custody Determination, which Mr. McQuillan acknowledged receiving on August 3, 2009, states he was detained in the custody of the DHS pursuant to the authority contained in section 236 of the Immigration Act [8 U.S.C. §1226] "pending a final determination by the immigration judge in your case." (Pet.'s Ex. B, Not. Cust. Det.) The Notice states further that petitioner may "request a review of this determination by an immigration judge."[1] Id.

Regardless of Mr. McQuillan's belief he is in the United States on a "lifetime Business/Leisure (B-2) visa," he is being detained because the DHS alleges he is in the United States illegally. Moreover, there is no question the DHS has authority to detain Mr. McQuillan pursuant to 8 U.S.C. § 1226. Nothing in the warrant, Notice to Appear, or Notice of Custody Determination address criminal charges pending against him in the United Kingdom. In fact, Mr. Zivilik averred that "[o]n or about August 4, 2009 I made a request to the UK Authorities for a certified copy of the UK arrest warrant, however, I have since been told that they are unwilling or unable to provide me with this copy because they don't want the pending UK prosecution to be adversely affected." (Pet.'s Ex. C., Zivilik Aff.) Contrary to his claims, Mr. McQuillan's detention is not based on any criminal

---

[1] There is no indication whether Mr. McQuillan requested a custody redetermination.

charges leveled against him. The DHS has made it clear, and Mr. McQuillan has acknowledged receipt of that notice, he is being held in custody pursuant to 8 U.S.C. § 1226 based on allegations he is an illegal alien.

### *Right To Counsel*

Because there are no facts alleged that Mr. McQuillan is being held as a result of the charges pending in the UK, he is being detained pending a determination of his removal status. As such, an alien in removal proceedings has no Sixth Amendment right to counsel. An alien appearing in removal proceedings has "the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings." 8 U.S.C. § 1229a(b)(4)(A). However, an alien "is not entitled to have counsel appointed at government expense to represent him at the hearing." Delgado-Corea v. INS, 804 F.2d 261, 262 (4th Cir.1986). Without more, petitioner has failed to state a claim.

### *Conclusion*

Accordingly, the petition is **dismissed** without prejudice pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 7, 2010                                  *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE